# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

WILLIAM KEITH PLEAU,
                    *Defendant-Appellant.*

No. 00-4763

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-00-141)

Submitted: March 22, 2001

Decided: March 29, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Keith Pleau pled guilty to possession of a firearm after being convicted of a felony in violation of 18 U.S.C.A. § 924(c) (West 2000), and was sentenced to a term of twenty months imprisonment. He appeals this sentence, arguing that the district court clearly erred in denying him an adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual*, § 3E1.1 (1998). We affirm.

Pleau was convicted of uttering in 1985, forgery in 1988, and breaking and entering in 1989. All three convictions were felonies and all were committed in Michigan. In July 1999, while he was living in West Virginia, Pleau purchased a Lorcin .380 caliber pistol, stating on the Bureau of Alcohol, Tobacco, and Firearms (ATF) form that he had never been convicted of a felony. In May 2000, Pleau showed a 9mm pistol to a state trooper he knew. Shortly afterward, he was arrested. Pleau entered a guilty plea to Count One of a four-count indictment on August 16, 2000.

In the presentence report, the probation officer recommended against an adjustment for acceptance of responsibility for the following reasons: (1) Pleau maintained that a Michigan prison official told him that felony convictions were expunged after seven years, (2) Pleau said that he had not deliberately lied on the ATF form because he had not served more than a year in prison, (3) Pleau had failed to provide his financial information to the probation officer by September 6, 2000, as required, and twice told the probation officer that he had mailed the information, but when he was asked to fax the information on September 26, Pleau said he still had not obtained certain information from his landlord. Pleau's failure to supply the necessary information in a timely manner delayed preparation of the presentence report, and the probation officer stated in the presentence report that she did not believe Pleau had been truthful or fully cooperative with her. At sentencing, the district court found that, for the reasons put forward by the probation officer, Pleau had not earned the reduction.

We agree. A defendant has the burden of demonstrating that he is entitled to an acceptance of responsibility adjustment. *United States*

*v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989). A defendant who pleads guilty and acknowledges his criminal conduct may lose the adjustment if this evidence of acceptance of responsibility is "outweighed by conduct . . . that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (n.3). In this case, we find that the district court did not clearly err in denying Pleau the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*